**NIPPON STEEL CORPORATION, NKK Corporation, Kawasaki Steel Corporation, and Toyo Kohan Co., Ltd., Plaintiffs–Appellees,**

v.

**INTERNATIONAL TRADE COMMISSION, Defendant–Appellant,**

and

**Weirton Steel Corporation, Defendant–Appellant.**

**Nos. 03–1018, 03–1019.**

United States Court of Appeals, Federal Circuit.

Oct. 3, 2003.

Christopher A. Dunn, Willkie Farr & Gallagher, of Washington, DC, argued for plaintiffs-appellees. With him on the brief were James P. Durling, Daniel L. Porter, and Robert E. DeFrancesco, III.

James M. Lyons, Deputy General Counsel, Office of the General Counsel, U.S.

International Trade Commission, of Washington, DC, argued for defendant-appellant International Trade Commission. With him on the brief were Lyn M. Schlitt, General Counsel; and Laurent M. deWinter, Attorney. Of counsel was Andrea C. Casson, Attorney.

Roger B. Schagrin, Schagrin Associates, of Washington, DC, argued for defendant-appellant Weirton Steel Corporation.

John J. Mangan, Skadden, Arps, Slate, Meagher & Flom LLP, of Washington, DC for amicus curiae Bethlehem Steel Corporation, et al. Of counsel were Stephen J. Narkin, Robert E. Lighthizer; Kevin M. Dempsey and Alan W. Wolff, Dewey Ballantine, of Washington, DC.

David I. Goldman, Associate General Counsel, United Steelworkers of America, of Pittsburgh, Pennsylvania, for amicus curiae United Steelworkers of America.

Before MAYER, Chief Judge, MICHEL and PROST, Circuit Judges.

MICHEL, Circuit Judge.

Weirton Steel Corporation and the United States International Trade Commission ("Commission") appeal from the decision of the United States Court of International Trade (1) vacating the renewed finding of material injury by the Commission following remand from the Court of International Trade and (2) directing a finding of no material injury to the domestic industry from less-than-fair-value imports by Nippon Steel Corporation and three other Japanese makers (collectively, "Nippon") of certain specialized steel products used in manufacturing tin cans for food. *Nippon Steel Corp. v. United States*, 223 F.Supp.2d 1349 (2002). Appellants argue principally that the Court of International Trade exceeded its authority and engaged in credibility determinations and other fact-finding functions assigned solely to the Commission by statute.[1] They also urge that the Court of International Trade erred in holding that the Commission's determination and findings were supported by less than substantial evidence. Finally, they argue that the Court of International Trade was obligated to remand once more, to the extent it found the remand opinion of the Commission unclear, unresponsive or otherwise insufficient in light of the Court of International Trade's opinion and remand instructions.

For the reasons discussed below, we agree that the case must be remanded to the Commission for further information collection, analysis and/or explanation in response to the Court of International Trade's second opinion. Accordingly, we vacate the Court of International Trade's decision and direct that the case be remanded to the Commission for further consideration there. Because of our ground of decision, we need not and do not reach the question whether the evidence supporting the Commission's decision was or was not substantial. Nor do we reach any other issue, including whether material injury is at least threatened because of the subject imports. If and when the case reaches us again there will be time enough to do so. Thus, we imply no view on the underlying merits of material injury, *vel non*.

This case record already includes two long and detailed opinions by the four-person Commission majority and two exceptionally thorough and incisive opinions by the Court of International Trade.[2]

---

1. *See* Trade Agreements Act of 1979, Pub.L. No. 96–39, codified at 19 U.S.C. § 1677 and other scattered sections, especially § 1673d(b).

2. Tin— and Chromium–Coated Steel Sheet from Japan, 65 Fed.Reg. 5005, USITC Pub. 3300, Inv. No. 731–TA–860, Final Determination (Aug.2000) and Remand Determination (Mar. 4, 2002); *Nippon Steel Corp. v. United States*, 182 F.Supp.2d 1330 (2001) and 223 F.Supp.2d 1349 (2002).

Each opinion described and analyzed the voluminous and complex evidence in the Commission record. The Commission investigation involved dozens of transactions over a three-plus year period involving at least five major purchaser coalitions in the United States, at least five domestic steel makers who compete with the four respondent Japanese makers, and numerous makers of the same steel product in other countries that also import into the United States. In addition to voluminous records of each maker's bid prices, sale prices, domestic market shares, domestic sales, foreign penetration of the U.S. market, etc., concerning all the above corporations, the record also contains extensive hearing testimony from representatives of the major purchasers at the Commission's preliminary hearing. At this juncture, we see no need for another detailed recital of the facts and evidence.

■ At its essence, the disagreement between the Court of International Trade and the Commission concerns the degree to which the purchasers' testimony on the reasons for increased purchases of the subject imports was undercut by subsequently-produced documents. In the view of the Commission, the significance of the documents was great; in the view of the Court of International Trade, minimal. In short, despite the impeaching documents, the Court of International Trade found that non-price factors, such as delay in deliveries, were the cause of the decline over the period of review in the domestic industry. In contrast, the Commission determined in light of those same documents that the low price of the Japanese product was a substantial factor. All parties agree an affirmative material-injury determination under the statute requires no more than a substantial-factor showing. That is, the "dumping" need not be the sole or principal cause of injury. As long as its

effects are not merely incidental, tangential or trivial, the foreign product sold at less than fair value meets the causation requirement. *See Gerald Metals, Inc. v. United States*, 132 F.3d 716, 721–22 (Fed. Cir.1997) (setting out standards for material-injury causation).

Given our decision, however, that this case must go back to the Commission, we see no value in discussing the massive evidence in this opinion. First, the record may well be enlarged. Second, even if it is not, new findings and explanations by the Commission can be expected. Finally, it is ultimately irrelevant to our decision whether the Commission or the Court of International Trade did better at drawing the most reasonable inferences from the economic documents as compared to the prior testimonial assertions. Under the statute, only the Commission may find the facts and determine causation and ultimately material injury—subject, of course, to Court of International Trade review under the substantial-evidence standard. The Court of International Trade, despite its very fine opinions and analysis, went beyond its statutorily-assigned role to "review." Despite its express dissatisfaction with the fact-finding underlying the Commission's remand decision, the Court of International Trade abused its discretion by not returning the case to the Commission for further consideration. *See, e.g., Fla. Power & Light Co. v. Lorion,* 470 U.S. 729, 744, 105 S.Ct. 1598, 84 L.Ed.2d 643 (1985). Thus, to the extent the Court of International Trade engaged in refinding the facts (*e.g.,* by determining witness credibility), or interposing its own determinations on causation and material injury itself, the Court of International Trade, we hold, exceeded its authority. On the present record, the Court of International Trade should have remanded once again for further proceedings rather than in-

structing entry by the Commission of a negative injury determination.

Given the multiplicity, specificity, and cogency of the Court of International Trade's critiques of the Commission's second decision and opinion, however, we assume the Commission in its further proceeding and resulting opinion will attend to all the points made by the Court of International Trade, especially those of the second opinion which the Commission has not yet had the opportunity to address. Despite the Court of International Trade's

statement that the Commission either cannot or will not respond, we are confident it can and will. Whether on remand the Commission reopens the evidentiary record, while clearly within its authority, is of course solely for the Commission itself to determine.

*VACATED AND REMANDED.*

No costs.